UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHRISTOPHER M. MCINTYRE,<br><br>                Plaintiff,<br>v.<br><br>ALLSTATE INSURANCE COMPANY,<br><br>                Defendant. | Case No. C05-5814RBL<br><br>REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S I.F.P. APPLICATION<br><br>Noted for April 21, 2006 |

      After carefully reviewing the record, the court finds and recommends as follows:

      (1) On December 15, 2005, the Clerk received a complaint submitted by Mr. McIntyre, who is proceeding *pro se* and is a state prisoner in custody at the Washington Correction Center in Shelton. The complaint was submitted without the required filing fee or an application to proceed *in forma pauperis*.

      (2) On December 21, 2005, the Clerk wrote to plaintiff informing him that his complaint had been received but that he needed to either submit the $250.00 filing fee or an application to proceed in forma pauperis. The Clerk instructed plaintiff to cure the noted deficiencies by not later than January 20, 2006,

      (3) On January 27, the court reviewed the court record and issued an order to show cause why this matter should not be summarily dismissed for his failure to pay the filing fee or, alternatively, his failure to apply to proceed as a pauper. The court specifically noted that it also appeared that the complaint was also deficient. Plaintiff was instructed to respond to the court's order by not later than February 14, 2006, otherwise the court would recommend dismissal of this matter as frivolous.

ORDER
Page - 1

(4)   A complaint is frivolous if "it lacks an arguable basis in law or in fact." Id. at 325.  Leave to amend is not necessary where it is clear that the deficiencies in the complaint cannot be cured by amendment. Franklin v. Murphy, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984).  Plaintiff's complaint should be dismissed as frivolous for the following reasons.

In order to state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Here, plaintiff has named a defendant (Allstate Insurance Company) that is not a state actor, but rather a private party or entity which does not act under color of state law. Polk County v. Dodson, 454 U.S. 312, 317-18 (1981).

(5)   To date, Mr. McIntyre has not responded to either the Clerk's letter explaining his deficiencies with regard to the required filing fee or the court's order to show cause.  Accordingly, the Court should dismiss this matter as frivolous.

(6)   Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also* Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985).  Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **April 21, 2006**, as noted in the caption.

DATED this 30th day of March, 2006.

　　　　　　　　　　　　　　　　　　*/s/ J. Kelley Arnold*
　　　　　　　　　　　　　　　　　　J. Kelley Arnold
　　　　　　　　　　　　　　　　　　United States Magistrate Judge

ORDER
Page - 2